**Kevin Lamarr ANDRES,**
**Plaintiff-Appellant,**

v.

**MARSHALL, Correctional Officer at RJ Donovan; et al., Defendants-Appellees.**

No. 15-56057

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed April 21, 2017

Kevin Lamarr Andres, Pro Se

Sylvie Snyder, Esquire, Deputy Assistant Attorney General, AGCA—Office of the Attorney General (San Diego), San Diego, CA, Neah Huynh, Deputy Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants-Appellees

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

**MEMORANDUM ***

California state prisoner Kevin Lamarr Andres appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging an unlawful strip search and denial of due process.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (legal rulings on exhaustion); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any basis supported by the record, *Thompson*, 547 F.3d at 1058-59, and we affirm.

The district court properly dismissed Andres' strip search claim against defendant Marshall because Andres failed to exhaust his administrative remedies in a proper manner. *See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("Proper exhaustion [of administrative remedies] demands compliance

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. We address Andres' excessive force claim in a concurrently filed opinion.

with an agency's deadlines and other critical procedural rules[.]").

Dismissal of Andres' due process claim against defendant Briggs alleging improper processing of grievances was proper because Andres "lack[s] a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion by dismissing Andres' claim against Briggs without granting leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review).

The district court did not abuse its discretion by denying Andres' motions to appoint counsel because Andres did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We reject as without merit Andres' contentions regarding discovery because the record was sufficiently developed to resolve his claims.

Andres' motions to take judicial notice (Docket Entry Nos. 16 and 17) are granted.

Andres' motion to amend and supplement claim (Docket Entry No. 16) is denied.

Andres' motions to appoint counsel (Docket Entry Nos. 16 and 20) are denied.

Andres' motion to withdraw (Docket Entry No. 21) is denied as moot.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Appellees shall bear the costs on appeal.

**AFFIRMED.**